# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **VENADIUM LLC,**<br><br>        Plaintiff,<br><br>    v.<br><br>**WINE.COM, INC.,**<br><br>        Defendant. | No. 5:16-cv-<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Venadium LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.  Plaintiff Venadium LLC is a Texas limited liability company with a principal office at 3000 Custer Road, Suite 270-219, Plano, Texas 75075.

2.  Defendant Wine.com, Inc., is a Delaware corporation with a principal office at 222 Sutter Street, Suite 450, San Francisco, California 94104.  Defendant may be served with process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.  This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.  Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.  Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7. On December 11, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,330,549 (the "549 patent"), entitled "Protected Shareware." A true and correct copy of the 549 patent is attached at Exhibit A.

8. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 549 patent.

## THE ACCUSED PRODUCT

9. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 549 patent.

10. Defendant's Accused Product is its website: https://www.wine.com/v6/account/login.aspx.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,330,549

11. Plaintiff incorporates by reference each of its foregoing allegations.

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 549 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

13. Defendant directly infringes at least claim 1 of the 549 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 1 of the 549 patent provides a method for protecting a computer program (e.g., Defendant's website) from unauthorized use (e.g., unauthorized access) independently of any methodology for distributing

the computer program to prospective users (e.g., over the Internet), the computer program including an embedded protective code (e.g., cryptographic functions of Rivest-Shamir-Adleman ("RSA"), Diffie-Hellman, and Hashed-based message authentication code ("HMAC") required by Transport Layer Security ("TLS") 1.2 as the standard cryptographic protocol for secured client-server communications), the method comprising the steps of:

    (a) inhibiting via the embedded protective code at least one functional feature of the computer program from running on a user computer (e.g., preventing unauthorized access of a user logging into a web interface of the Accused Product until a secured Hypertext Transfer Protocol ("HTTPS") connection is established) until the user computer receives an authorization message that is digitally signed by an authorized party using a secret signing key (e.g., a certificate digitally signed by a certificate authority using its secret signing key), the secret signing key being associated with a public checking key (e.g., when the signed certificate provides a public checking key to a client computer that corresponds to the server's private key);

    (b) providing the embedded protective code (e.g., the code instituting the HTTPS connection) with access to the public checking key (e.g., via the signed certificate);

    (c) running an integrity self-check over the computer program (e.g., an HMAC process that is used to confirm the integrity of the messages sent between a client and a server) to confirm that the computer program is in an anticipated state (e.g., that Defendant's website has not been compromised and can accept a user logon), the integrity self-check being embedded in the computer program (e.g., TLS 1.2 and its included HMAC function is embedded within the website's application code);

    (d) communicating the authorization message (e.g., the server's signed certificate) to the user computer (e.g., the client);

    (e) applying the public checking key to the authorization message for authenticating it (e.g., the client uses the server's public key associated with the server's private key to encrypt a pre-master secret key that it sends to the server. The server then decrypts

the premaster secret key and sends the results back to the client; the client then compares the results to the premaster secret key it originally created and verifies the authenticity of the authorization message); and

(f) enabling said functional feature (e.g., the logon feature) to run on the user computer if the authorization message is authenticated (e.g., via the server's signed certificate) and if the integrity self-check result (e.g., via an HMAC check) confirms that the computer program is in the anticipated state (e.g., that Defendant's website has not been compromised and can accept a user logon).

14. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

15. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 1 upon a plain reading of this Complaint, the 549 patent, and claim 1.

16. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.  Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

17. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 549 patent.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 549 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

  D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

  E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 10, 2017     Respectfully submitted,

              _____
              Peter J. Corcoran, III
              Texas State Bar No. 24080038
              **CORCORAN IP LAW, PLLC**
              2019 Richmond Road, Suite 380
              Texarkana, Texas 75503
              Tel: (903) 701-2481
              Fax: (844) 362-3291
              Email: peter@corcoranip.com

              *Counsel for Plaintiff*
              *Venadium LLC*